

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 12, 1992

Mr. Michael Hines
Executive Director
Texas Commission on Fire Protection
P. O. Box 1607
Austin, Texas 78767

Opinion No. DM-149

Re: Whether section 2(g) of the Open Meetings Act permits an executive session discussion about persons considered for appointment to advisory committees created pursuant to the Government Code, sections 419.023 and 419.072 (RQ-249)

Dear Mr. Hines:

The Texas Commission on Fire Protection, established by consolidating the former Fire Department Emergency Board with the former Commission on Fire Protection Personnel Standards and Education, Acts 1991, 72d Leg., ch. 628, is required to establish and appoint certain advisory committees pursuant to sections 419.023 and 419.072 of the Government Code. The commission wishes to know whether it may meet in executive session under section 2(g) of the Texas Open Meetings Act, V.T.C.S. article 6252-17, to discuss the qualifications of persons considered for appointment to these committees.

The two advisory committees are the Fire Protection Personnel Advisory Committee, governed by section 419.023 of the Government Code, and the Volunteer Fire Fighter Advisory Committee, governed by section 419.072 of the Government Code. Section 419.023 provides in part:

> (a) The commission shall establish a fire protection personnel advisory committee to assist the commission in matters relating to fire protection personnel and fire departments. The committee shall be composed of nine members appointed by the commission. Six members must be fire protection personnel or retired fire protection personnel.... A committee member serves at the will of the commission.

> (b) The committee shall meet at least twice each calendar year at the call of the presiding officer or at the call of the commission.

> (c) The committee periodically shall review commission rules relating to fire protection personnel and fire departments and recommend changes in the rules to the commission. Notwithstanding Section 5(f) . . . [of V.T.C.S. article 6252-13a][1] the commission shall submit all proposed changes and additions to the rules that relate to fire protection personnel and fire departments to the committee for development. If the commission does not approve a rule developed by the committee, the commission shall indicate to the committee the reasons that the commission did not approve the rule and return the rule to the committee for further development.

Gov't Code § 419.023.

The Texas Open Meetings Act, V.T.C.S. article 6252-17, which establishes the general rule that every meeting of every governmental body shall be open to the public, permits closed meetings for certain purposes. Section 2(g) provides as follows:

> Nothing in this Act shall be construed to require governmental bodies to hold meetings open to the public in cases involving the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee . . . unless such officer or employee requests a public hearing.

V.T.C.S. art. 6252-17 § 2(g).

This exception applies only when the governmental body's deliberations concern a public officer or public employee. In Attorney General Opinion H-246 (1974), this office concluded that section 2(g) does not allow the board of regents of

---

[1]Section 5(f) of article 6252-13a, V.T.C.S., authorizes an agency to use informal conferences to obtain the advice of interested persons concerning contemplated rulemaking and to appoint committees to advise it with respect to contemplated rulemaking.

a state university to meet in closed session to discuss the qualifications of persons under consideration for award of an honorary degree, unless the candidate was also a "public officer or employee" of the governmental body. The opinion stated that the exception "was designed primarily to prevent the unjustified harm to an employee that might result from public discussion about matters related to his employment status which are traditionally kept confidential." *Id.* at 2.

Attorney General Opinion MW-129 (1980) determined that a governmental body may not meet in closed session to discuss the employment of an independent contractor, such as an engineering, architectural, or consultant firm. It cited the rule of liberal construction of the Open Meetings Act and established that an independent contractor is not an officer or employee and is thus not within the section 2(g) exception.

Members of the Fire Protection Personnel Advisory Committee are neither officers nor employees within section 2(g) of the Open Meetings Act. A public officer generally has a fixed term and may be removed only in accordance with the applicable provisions of law. *Aldine Indep. School Dist. v. Standley*, 280 S.W.2d 578 (Tex. 1955); *Dorenfield v. State*, 73 S.W.2d 83 (Tex. 1934); *see also* Tex. Const. arts. V, § 24; XV, § 7; XVI, § 30; V.T.C.S. art. 5961. Members of the committee, in contrast, serve at the will of the commission. Gov't Code § 419.023(a). They do not have sufficient authority over public business to be public officers within the following definition stated by the Texas Supreme Court:

> [T]he determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public, *largely independent of the control of others.*

*Aldine*, 280 S.W.2d at 583 (emphasis in original) (concluding that a school district tax-assessor-collector was an employee and not an officer of the district).

The commission has general rule-making authority to adopt rules "for the administration of its powers and duties." Gov't Code § 419.008. In addition, it is authorized to promulgate rules relating to fire protection personnel and fire departments. *See, e.g., id.* §§ 419.022(5) (standards for admission to employment as fire protection personnel); 419.029 (curriculum requirements for schools for training fire protection personnel); 419.032(b) (qualifications relating to competence and

reliability of persons to be fire protection personnel); 419.040 - 419.041 (standards for protective clothing and self-contained breathing apparatus for fire protection personnel). The Fire Protection Personnel Advisory Committee reviews commission rules on fire protection personnel and fire departments and recommends changes in the rules to the commission. *Id.* § 419.023(c). If the commission proposes to change or add to its rules on fire protection personnel and fire departments, the committee develops[2] the rules incorporating the proposed changes and additions. Thus, the committee provides the specifics to implement the commission's purpose in proposing the rule and revises the rules it develops as necessary to comply with the commission's requirements. Authority to adopt rules is vested in the commission.

The Fire Protection Personnel Advisory Committee has only advisory and ministerial functions, and its members do not exercise any sovereign function of government, largely independent of others. Accordingly, the members of this committee are not officers.

An employee is a person who works for another for salary or wages. BLACK'S LAW DICTIONARY 525 (6th ed. 1990) (definitions of "employee" and "employer"). *See also* Civ. Prac. & Rem. Code § 101.001(1) ("employee" is person in the paid service of a governmental unit). Members of an advisory committee serve without compensation. Gov't Code § 419.008(j). Moreover, section 419.009 of the Government Code authorizes the commission to "employ an executive director who shall employ other personnel," while other provisions authorize the commission to appoint advisory committees. *Id.* §§ 419.009, 419.008(j), 419.023, 419.072. Thus, the structure of the statute reflects the legislature's understanding that a member of an advisory committee is not an employee of the commission. The members of the Fire Protection Personnel Advisory Committee are not employees of the commission. Since the committee members are neither officers nor employees of the Texas Commission on Fire Protection, the commission may not meet in executive session pursuant to section 2(g) of the Open Meetings Act to discuss their appointment.

Section 419.071 of the Government Code requires the commission to develop a voluntary certification and regulation program for volunteer fire fighters

___

[2]Since the statute does not define "develop," it is to be construed according to common usage. Gov't Code § 311.011(a). A dictionary has defined "develop" as "to set forth or make clear by degrees or in detail." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 347 (1983).

and volunteer fire departments. The commission is also required to establish a Volunteer Fire Fighter Advisory Committee to assist it in matters relating to volunteer fire fighters and volunteer fire departments. *Id.* § 419.072. The composition and duties of the Volunteer Fire Fighter Advisory Committee closely resemble those of the Fire Protection Personnel Advisory Committee. The members of both committees are appointed by and serve at the will of the commission. *Id.* §§ 419.023(a), 419.072(a). Both committees must meet at least twice a year, and their members serve without compensation. *Id.* §§ 419.008(j), 419.072(a). The duties of the Volunteer Fire Fighter Advisory Committee are as follows:

> The committee shall develop and recommend to the commission for approval the rules of the program under this subchapter. [Gov't Code ch. 419, subch. D][3]. The committee periodically shall review commission rules relating to the commission's program under this subchapter and recommend changes in the rules to the commission. Notwithstanding Section 5(f) ... [of article 6252-13a, V.T.C.S.], the commission shall submit all proposed rules and all proposed changes and additions to the rules that relate to the program under this subchapter to the committee for development. If the commission does not approve a rule developed by the committee, the commission shall indicate to the committee the reasons that the commission did not approve the rule and return the rule to the committee for further development.

*Id.* § 419.072(c).

The commission is authorized to make rules relative to certification as a volunteer firefighter. *Id.* § 419.071(e). The Volunteer Fire Fighter Advisory Committee provides the commission with advice and ministerial services in connection with preparing these rules. For the same reasons advanced with respect to members of the Fire Protection Personnel Advisory Committee, the members of the Volunteer Fire Fighter Advisory Committee are neither officers nor employees. Accordingly, the Texas Commission on Fire Protection may not meet in executive

---

[3]Subchapter D of chapter 419 of the Government Code requires the commission to "develop a voluntary certification and regulation program for volunteer fire fighters and volunteer fire departments." Gov't Code § 419.071.

session under section 2(g) of the Open Meetings Act to discuss the qualifications of persons under consideration for appointment to the Volunteer Fire Fighter Advisory Committee.

## S U M M A R Y

Members of the Fire Protection Personnel Advisory Committee and the Volunteer Fire Fighter Advisory Committee appointed by the Texas Commission on Fire Protection pursuant to chapter 419 of the Government Code are not public officers or employees within section 2(g) of the Texas Open Meetings Act, V.T.C.S. article 6252-17. Accordingly, the Texas Commission on Fire Protection may not meet in executive session pursuant to section 2(g) of the Open Meetings Act to discuss the qualifications of persons under consideration for appointment to either of these advisory committees.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General